ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| NELSON WILLIAM MÉNDEZ REYES<br><br>Parte Peticionaria<br><br><br>v.<br><br><br><br>JESSICA GIRAUD AQUINO<br><br>Parte Recurrida | TA2025CE00014 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br><br>Caso Núm.: AG2025CV00053<br><br><br>Sobre:<br><br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de junio de 2025.

Compareció ante este Tribunal la parte peticionaria, Sr. Nelson William Méndez Reyes (en adelante, "señor Méndez Reyes" o "Peticionario") mediante recurso de *certiorari* y "**Moción en Auxilio de Jurisdicción**" presentados el 19 de junio de 2025. Nos solicitó la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, "TPI") el 20 de mayo de 2025.

Por los fundamentos que expondremos a continuación, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7 (B)(5) del Reglamento de este Tribunal, y *denegamos* la expedición del auto de *certiorari* ante nos.

**I.**

El presente caso se originó el 15 de enero de 2025, con la presentación de una "**Demanda**" sobre liquidación de comunidad de bienes post ganancial por parte del Peticionario en contra de la Sra. Jessica Giraud Aquino (en adelante, "señora Giraud Aquino" o "Recurrida"). Luego de varios trámites procesales impertinentes a la controversia, el 28 de marzo de 2025,

el señor Méndez Reyes presentó "**Moción al Expediente Judicial**" mediante la cual informó haber cursado un Requerimiento de Admisiones a la señora Giraud Aquino, por conducto de su representante legal. Así las cosas, el 25 de abril de 2025, el Peticionario compareció mediante "**Moción solicitando se d[é] por admitido el Requerimiento de Admisiones enviado a la Parte Demandada**". A través de dicho escrito, el señor Méndez Reyes expuso que procedía la admisión de los asuntos contenidos en el aludido requerimiento, toda vez que las contestaciones remitidas a éste por parte de la Recurrida no fueron juramentadas por esta última.

Trabada así la controversia, el 29 de abril de 2025, se celebró la *Conferencia Inicial* en el caso. De la Minuta de los procedimientos se desprende que el Peticionario reconoció que, a pesar de que la señora Giruad Aquino había cursado sus contestaciones al Requerimiento de Admisiones, las mismas no constaban juramentadas. Específicamente, argumentó que por el hecho de que el documento no establecía "jurado y suscrito ante mí" –aunque constaba firmado y sellado por un notario de la jurisdicción de los Estados Unidos en donde reside la Recurrida– el mismo no podía considerarse como que cumplió con las formalidades de la Regla 33 de las de Procedimiento Civil, *infra*.

Así las cosas, el 20 de mayo de 2025, el TPI emitió *Resolución* mediante la cual declaró "No Ha Lugar" la solicitud del Peticionario de dar por admitido el Requerimiento que éste cursó a la señora Giraud Aquino. Inconforme con dicha determinación, el señor Méndez Reyes presentó ante este Tribunal de Apelaciones un recurso de *certiorari* mediante el cual le imputó al foro de instancia la comisión del siguiente error:

> COMETIÓ ERROR EL TPI AL NO DAR POR ADMITIDAS TODAS Y CADA UNA DE LAS ASEVERACIONES MENCIONADAS EN EL REQUERIMIENTO DE ADMISIONES CURSADO POR LA PARTE PETICIONARIA A LA PARTE RECURRIDA POR ÉSTA NO HABER CONTESTADO EL MISMO, BAJO JURAMENTO, CONFORME REQUIERE LA REGLA 33 DE PROCEDIMIENTO CIVIL DE PUERTO RICO.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021). "[L]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194, 209 (2023). Así, este solo se expedirá luego de justipreciar los criterios establecidos en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, y en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-

López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, *supra*.

Dentro de este marco, el análisis del foro apelativo intermedio -al momento de considerar los asuntos planteados mediante el recurso de *certiorari*- no se efectúa en el vacío ni se aparta de otros parámetros. Rivera *et al*. v. Arcos Dorados *et al*., *supra*, pág. 209; 800 Ponce de León v. AIG, 205 DPR 163, 176 (2020). Las delimitaciones que imponen estas disposiciones reglamentarias tienen como objetivo intrínseco prevenir la "dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación". Mun. Caguas v. JRO Construction, Inc., 201 DPR 703, 712 (2019). Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009).

En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la

razonabilidad". <u>Pueblo v. Ortega Santiago</u>, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. <u>S.L.G. Flores-Jiménez v. Colberg</u>, 173 DPR 843, 865 (2008).

**B.**

El descubrimiento de prueba dentro del proceso civil está regulado por la Regla 23 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23. El inciso (a) de la Regla 23.1 de dicho cuerpo reglamentario dispone que las partes podrán hacer descubrimiento sobre cualquier (1) información objeto del descubrimiento que no sea privilegiada y (2) que sea pertinente al asunto en controversia. <u>E.L.A. v. Casta</u>, 162 DPR 1, 10 (2004); <u>Alvarado v. Alemany</u>, 157 DPR 672, 683 (2002). El concepto de pertinencia como limitación al descubrimiento de prueba, "aunque impreciso, debe ser interpretado en términos amplios". <u>General Electric v. Concessionaires, Inc.</u>, 118 DPR 32, 40 (1986). Para que un asunto pueda estar sujeto a descubrimiento lo único necesario es que esté presente una posibilidad razonable de relación con la cuestión que se pretende adjudicar. <u>E.L.A. v. Casta</u>, *supra*, pág. 13. La referida Regla 23.1 de Procedimiento Civil, *supra*, señala que no constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. <u>Íd</u>. La amplitud del descubrimiento persigue dos (2) propósitos: garantizar la pronta solución de las controversias y evitar que en la vista en su fondo surjan sorpresas. <u>Lluch v. España Service Sta.</u>, 117 DPR 729, 742-743 (1986).

El requerimiento de admisiones constituye una de las herramientas que proveen las Reglas de Procedimientos para imprimirle celeridad a los procesos ante el Tribunal de Primera Instancia y permite estructurar las controversias del pleito, de forma que se cree un cuadro más claro del proceso. Así, su utilización permite que la parte interpelada admita asuntos en controversia que pudo haber evadido en un interrogatorio o una

deposición anterior. <u>Rivera Prudencio v. Mun. de San Juan</u>, 170 DPR 149, 171 (2007); <u>Rosado v. Tribunal Superior</u>, 94 DPR 122, 133 (1967).

Conforme a la Regla 33 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 33, una parte está facultada para requerirle a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil, *supra*, relativo "a hechos que están controversia y opiniones relacionadas con los hechos o con la aplicación de la ley a éstos". <u>Audiovisual Lang v. Sist. Est. Natal Hnos.</u>, 144 DPR 563, 572 (1997). "El efecto de dicha admisión es que releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y no se incurran en gastos innecesarios." <u>Rivera Prudencio v. Mun. de San Juan</u>, *supra*, pág. 171. De ahí que se sostenga que la admisión de cualquier asunto se entenderá definitiva, salvo que el tribunal permita que se retire o se enmiende, "si ello contribuye a la disposición del caso en los méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa". 32 LPRA Ap. V, R. 33 (b).

Cónsono con lo anterior, la parte a quien se le cursa un requerimiento de admisiones tendrá que, bajo juramento, objetar o admitir lo requerido en un término de veinte (20) días, contados desde que se le notifique el requerimiento o dentro del término que el tribunal conceda. 32 LPRA Ap. V, R. 33 (a). Si dicha parte no cumple en el referido plazo, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas". <u>Audiovisual Lang v. Sist. Est. Natal Hnos.</u>, *supra*, pág. 573. Cabe destacar que para ello no es necesaria la emisión de una orden del tribunal haciendo constar tal hecho.

No obstante lo anterior, "**[e]n el ejercicio de su discreción el tribunal debe interpretar la precitada Regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos**". <u>Íd</u>., págs. 573-574 (énfasis suplido). Si bien es cierto que la Regla 33 de Procedimiento Civil, *supra*, es mandatoria y, por tanto, sus disposiciones deben cumplirse de manera sustancial, **no es menos cierto**

**que consideraciones técnicas deben ceder cuando su estricta aplicación e interpretación incida sobre la consecución de la justicia**. Íd., pág. 575. Después de todo, la interpretación liberal de las Reglas de Procedimiento Civil garantiza asegurar la política pública de que la solución de todo procedimiento sea justa, rápida y económica. 32 LPRA Ap. V, R. 1.

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Resolución* recurrida, toda vez que el TPI denegó su solicitud para que se dieran por admitidos ciertos asuntos contenidos en un Requerimiento de Admisiones que la cursó a la señora Giraud Aquino. Su postura se fundamenta en que el requisito de juramentar las contestaciones a un requerimiento de admisiones es uno de carácter mandatorio y no discrecional. Sostuvo, pues, que las contestaciones en controversia no se podían considerar como que cumplieron con el requisito de juramentación que provee la Regla 33 de Procedimiento Civil, *supra*, pues no contenía la aseveración de "jurado y suscrito ante mí" por parte del notario ante quien la Recurrida suscribió las mismas en el estado de Nueva Jersey.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que de los autos electrónicos del foro recurrido, encontramos que el foro a *quo* no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el TPI actuó con perjuicio o cometiera un error manifiesto en su determinación.

En el presente caso, no existe controversia sobre el hecho de que la Recurrida cursó sus contestaciones al Requerimiento de Admisiones del Peticionario dentro del plazo dispuesto en la Regla 33 de Procedimiento Civil, *supra*. De igual manera, el expediente refleja que dichas contestaciones figuraron juramentadas ante un notario autorizado en la jurisdicción en que la señora Giraud Aquino reside.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la *Resolución* recurrida y

tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos y declaramos **No Ha Lugar** la "**Moción en Auxilio de Jurisdicción**".

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones